951 F.2d 1259
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rebecca Lee HENSHAW, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-9527.
 United States Court of Appeals, Tenth Circuit.
 Dec. 11, 1991.
 
 ORDER AND JUDGMENT*
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, this case is ordered submitted without oral argument.
 
 
 2
 The petitioner, Rebecca Lee Henshaw, is a Canadian citizen and native who fears persecution from the Canadian government because of a published work in which she detailed the deterioration of Western civilization and classified the Canadian government as a component of Satan conspiring with European royalty to destroy the world's food supply. The Immigration and Naturalization Service ("INS") denied her application for political asylum and ordered her deportation to Canada. The petitioner appeals.[1] We affirm for the reasons stated in the Oral Decision of the Immigration Judge, the INS's adoption thereof, and the Order of the Board of Immigration Appeals.
 
 
 3
 Under the Immigration and Nationality Act, an otherwise deportable alien who fears that he or she will be persecuted if deported can obtain relief either through asylum or withholding of deportation. I.N.S. v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987). In Kapcia v. I.N.S., 944 F.2d 702, 706-09 (10th Cir.1991), we set forth the general eligibility requirements for asylum and withholding of deportation.
 
 
 4
 In order to obtain a grant of asylum, the alien must establish refugee status by proving "either past 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.' " Id. at 706 (quoting 8 U.S.C. § 1101(a)(42)). The "fear" component is subjective, whereas the "well-founded" component is objective. Id. In order to obtain a withholding of deportation, "[t]he alien must demonstrate a 'clear probability of persecution' with 'objective evidence that it is more likely than not that he or she would be subject to persecution upon deportation.' " Id. at 709 (quoting I.N.S. v. Cardoza-Fonseca, 480 U.S. 421, 430 (1986)).
 
 
 5
 The Board of Immigration Appeals found that the petitioner failed to establish either a well-founded fear of persecution or a clear probability of persecution upon return to Canada. Because this finding is supported by substantial evidence and is substantially reasonable, see Kapcia, 944 F.2d at 707, we affirm. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The petitioner's motion to proceed in forma pauperis is granted